# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANTONIO MIRANDA and ) <br> JACQUELINE MIRANDA ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> OFFICER ALEXANDER ROMAN, ) <br> OFFICER JAKUB WEDEL (Star # 17332) ) <br> OFFICER CONNOR PURDY (Star # 11317), ) <br> OFFICER JAMES EVANGELISTA (Star # 9781) ) <br> OFFICER ALEXANDRA HOCHHAUSER ) <br> (Star # 8477), ) <br> OFFICER RODOLFO ELIZONDO Star # 6349), ) <br> OFFICER PETER THEOHARIS (Star # 16434), ) <br> and the CITY OF CHICAGO, ) <br> ) <br> Defendants. ) | No.: 21-cv-2103 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT AT LAW

Plaintiffs, Antonio Miranda and Jacqueline Miranda, by counsel, Edward R. Moor of the Moor Law Office, P.C., states for their Complaint at Law against Officer Alexander Roman ("Roman"), Officer Jakub Wedel ("Wedel"), Officer Connor Purdy ("Purdy"), Officer James Evangelista ("Evangelista"), Officer Alexandra Hochhauser ("Hochhauser"), Officer Rodolfo Elizondo ("Elizondo"), Peter Theoharis ("Theoharis"), and the City of Chicago, as follows:

## JURISDICTION

1. This action arises under the United States Constitution, the Civil Rights Act of 1871 (42 U.S.C. § 1983), and the laws of the State of Illinois. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. 1343(a)(3), and 28 U.S.C. 1367.

2. Venue is proper in this District under 28 US.C. § 1391 because all Defendants reside in the District and also because all of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

3. Officer Roman was employed on May 10, 2019, and at all relevant times, by the City of Chicago Police. He is being sued in his individual/personal capacity.

4. Officer Wedel was employed on May 10, 2019 and at all relevant times, by the City of Chicago Police Department, and was acting at all relevant times alleged herein under the color of law in the course of his employment as a City of Chicago police officer. He is being sued in his individual/personal capacity.

5. Officer Purdy was employed on May 10, 2019 and at all relevant times, by the City of Chicago Police Department, and was acting at all relevant times alleged herein under the color of law in the course of his employment as a City of Chicago police officer. He is being sued in his individual/personal capacity.

6. Officer Evangelista was employed on May 10, 2019 and at all relevant times, by the City of Chicago Police Department, and was acting at all relevant times alleged herein under the color of law in the course of his employment as a City of Chicago police officer. He is being sued in his individual/personal capacity.

7. Alexandra Hochhauser was employed on May 10, 2019, and at all relevant times, by the City of Chicago Police Department, and was acting at all relevant times alleged herein under the color of law in the course of his employment as a City of Chicago police officer. He is being sued in his individual/personal capacity.

8. Officer Rodolfo Elizondo was employed on May 10, 2019 and at all relevant times, by the City of Chicago Police Department, and was acting at all relevant times alleged herein under the color of law in the course of his employment as a City of Chicago police officer. He is being sued in his individual/personal capacity.

9. Officer Peter Theoharis was employed on May 10, 2019, and at all relevant times, by the City of Chicago Police Department, and was acting at all relevant times alleged herein under the color of law in the course of his employment as a City of Chicago police officer. He is being sued in his individual/personal capacity.

10. The City of Chicago was at all relevant times and remains a local municipal corporation organized under the laws of the State of Illinois.

11. The City of Chicago maintained, at all relevant times, as a division of itself a police department known as the City of Chicago Police Department, and was and is the employer of the Defendants Roman, Wedel, Purdy, Evangelista, Hochhauser, Elizondo, and Theoharis.

12. On May 10, 2019 and at all relevant times, Plaintiff Antonio Miranda was a citizen of the United States and a resident of Chicago, Cook County, Illinois.

13. On May 10, 2019, and at all relevant times, Plaintiff Jacqueline Miranda was a citizen of the United States and a resident of Chicago, Cook County, Illinois.

**FACTS**

14. On May 10, 2019, Plaintiff Jacqueline Miranda was driving southbound on Karlov Avenue towards the intersection of Chicago Avenue and North Karlov Avenue, near 4048 West Chicago Avenue in the City of Chicago, County of Cook, and State of Illinois.

15. When she pulled up to the intersection of Karlov and Chicago, Jacqueline Miranda finished drinking a can of Goya Coconut water and tossed the small empty aluminum container out her driver's side window while at a standstill.

16. Unknown to her, Defendant Alexander Roman, an off-duty Chicago Police Officer, had sped up beside her in an area that would otherwise be a parking lane, and the small empty aluminum can struck the left rear quarter panel of Roman's 2007 black BMW X5.

17. Roman quickly exited his car, started yelling at Plaintiff, retrieved the empty can, and threw it at her face through Plaintiff's open car window striking the Plaintiff's face and causing immediate bleeding.

18. When Roman saw that the Plaintiff was bleeding, he got in his car and turned left around the corner and parked in a driveway. He then got out of his car and got on his phone.

19. Jacqueline Miranda rolled her windows up, parked near Defendant Roman, locked her doors, and called the police to report the assault and then called her husband Antonio Miranda to tell him about the assault.

20. The small empty aluminum can had not left a single mark on or caused any other damage on Defendant Roman's car.

21. When Defendants Wedel, Purdy, Evangelista, Hochhauser and Elizondo arrived their first question was "who is the off duty officer"?

22. One of the officers went to speak with Roman, and the remaining officers went to speak with Ms. Miranda.

23. The officers who spoke with Ms. Miranda surrounded her by her car, preventing her from moving freely. She was ordered not to move and she remained in place out of fear.

24. The officers intimidated Ms. Miranda when they asked her questions about the can she threw and began accusing her of various crimes. The officers were looking inside of Ms. Miranda's car. They did not run her ID, they did not ask if she needed medical attention, they did not ask her about what caused her injuries, and they did not ask about Defendant Roman.

25. Ms. Miranda provided information about how Defendant Roman assaulted her. Her statement was not recorded by the officers.

26. Shortly thereafter, Ms. Miranda's husband, Antonio Miranda arrived at the scene.

27. Mr. Miranda was prevented from seeing his wife when he arrived. Mr. Miranda was sat on a curb and placed in handcuffs by the Officers.

28. There was no probable cause or reasonable suspicion to detain Mr. Miranda at any time.

29. When Ms. Miranda was finally allowed to leave, her husband Antonio was still handcuffed.

30. Mr. Miranda was not let out of the handcuffs and allowed to leave until after his wife was excused from the scene.

31. The amount of time Ms. Miranda was ordered not to move by the officers until the officers allowed her to leave lasted half an hour.

32. Mr. Miranda was kept in handcuffs for nearly 15 minutes.

33. At no time was Officer Roman placed in handcuffs.

34. Defendant Officer Peter Theoharis subsequently filed a police report which failed to include any details reporting that Defendant Roman battered Ms. Miranda by throwing a can at her face or any details describing Ms. Miranda's injury and its cause. Defendants' report also

failed to contain any reference to officers illegally detaining Antonio Miranda whose name does not appear in the report.

35. On May 10, 2019 when Defendant's detained Plaintiffs Jacqueline Miranda and Antonio Miranda without reasonable suspicion or probable cause, they violated the Fourth Amendment of the United States Constitution and numerous Illinois Laws.

36. Plaintiff Jacqueline suffered injury as a direct and proximate result of the willful, wanton and malicious actions of the Defendants. Plaintiff Antonia suffered injury as a direct and proximate result of the willful and malicious acts of the Defendants in depriving him of liberty.

37. Ms. Miranda has been permanently disfigured and despite undergoing treatment from a dermatologist, she still has a visible scar on her face that causes her embarrassment on a daily basis.

### COUNT I – 42 U.S.C. § 1983 – False Arrest of Jacqueline Miranda – (Wedel, Purdy, Evangelista, Elizondo, Theoharis and Hochhauser)

1-38. Plaintiff adopts and re-alleges paragraphs 1 through 37, above, as paragraphs 1 through 38 of Count I, as if fully set forth herein.

39. Plaintiff was improperly detained on May 10, 2019, by Defendants Wedel, Purdy, Evangelista, Elizondo, Theoharis and Hochhauser.

40. Plaintiff was detained without justification and without probable cause because no property damage had resulted.

41. The actions of Defendants Wedel, Purdy, Evangelista, Elizondo, Theoharis and Hochhauser.in committing the acts described above and herein were willful, intentional, malicious, and/or done with reckless indifference and callous disregard for Plaintiff's rights, amounting to an abuse of power that shocks the conscience.

42. There was no reasonable basis upon which to detain Plaintiff Jacqueline Miranda with any crimes, and in fact because there was no actionable damage Roman declined to press charges.

43. As a proximate result of the unlawful detention inflicted by of Defendants Wedel, Purdy, Evangelista, Elizondo, Theoharis and Hochhauser., Plaintiff sustained injuries and losses, including emotional distress and psychological pain and suffering.

WHEREFORE, Plaintiff JACQUELINE MIRANDA, respectfully prays that this Court enter judgment against of Defendants Wedel, Purdy, Evangelista, Elizondo, Theoharis and Hochhauser., awarding compensatory damages, attorney's fees and costs, punitive damages, and any other relief that this Court deems just.

Plaintiff demands trial by jury.

### **COUNT II – 42 U.S.C. § 1983 – Failure to Intervene as to Jacqueline Miranda**
**(Wedel, Purdy, Evangelista, Elizondo, Theoharis and Hochhauser)**

1-38. Plaintiff adopts and re-alleges paragraphs 1 through 43, above, as paragraphs 1 through 38 of Count II, as if fully set forth herein.

39. In the manner described above in Count I, during the constitutional violations described above, Defendants Wedel, Purdy, Evangelista, Elizondo, Theoharis and Hochhauser stood by without intervening to prevent the misconduct, and instead participated in it.

40. As a proximate result of the failure of Defendants to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff Jacqueline Miranda suffered pain and injury, emotional distress, when she was falsely arrested and detained.

41. These Defendants had a reasonable opportunity to prevent the violation of Plaintiff's constitutional rights but failed to do so.

7

42. The misconduct described in this Count was objectively unreasonable and was undertaken with malice and willful indifference to Plaintiff's constitutional rights.

43. As a proximate result of the unlawful detention inflicted by of Defendants Wedel, Purdy, Evangelista, Elizondo, Theoharis and Hochhauser, Plaintiff sustained injuries and losses, including emotional distress and psychological pain and suffering.

WHEREFORE, Plaintiff JACQUELINE MIRANDA, respectfully prays that this Court enter judgment against Defendants Wedel, Purdy, Evangelista, Elizondo, Theoharis and Hochhauser, awarding compensatory damages, attorney's fees and costs, punitive damages, and any other relief that this Court deems just.

Plaintiff demands trial by jury.

### COUNT III– State Law – Battery relative to Jacqueline Miranda
### (Roman)

1-38. Plaintiff adopts and re-alleges paragraphs 1 through 37 above, as paragraphs 1 through 38 of Count III, as if fully set forth herein.

38. On May 10, 2019, Defendant Roman purposely threw a metal can at Plaintiff Jacqueline Miranda which hit her in the face and caused a cut on the bridge of her nose and left eye brow, this was an assault and a battery.

39. These actions directly and proximately caused the injuries and damages to Plaintiff as claimed above and constitute the tort of assault and battery under Illinois law.

40. As a proximate result of the intentional tort inflicted by of Defendant Roman, Plaintiff sustained injuries and losses, including emotional distress and psychological pain and suffering.

WHEREFORE, Plaintiff JACQUELINE MIRANDA, respectfully prays that this Court enter judgment against Defendant Roman awarding compensatory damages, attorney's fees and costs, punitive damages, and any other relief that this Court deems just.

Plaintiff demands trial by jury.

**COUNT IV – 42 U.S.C. § 1983 – False Arrest and Detention of Antonio Miranda**
**(Wedel, Purdy, Evangelista, Elizondo, Theoharis and Hochhauser)**

1-38. Plaintiff adopts and re-alleges paragraphs 1 through 37, above, as paragraphs 1 through 38 of Count IV, as if fully set forth herein.

39. Plaintiff Antonio Miranda was improperly detained on May 10. 2019 by Defendants Wedel, Purdy, Evangelista, Elizondo, Theoharis and Hochhauser.

40. Plaintiff was unlawfully detained without justification and without probable cause on May 10, 2019 by Defendants Wedel, Purdy, Evangelista, Elizondo, Theoharis and Hochhauser.

41. The actions of Defendants Wedel, Purdy, Evangelista, Elizondo, Theoharis and Hochhauser in committing the acts described above and herein were willful, intentional, malicious, and/or done with reckless indifference and callous disregard for Plaintiff's rights, amounting to an abuse of power that shocks the conscience.

42. As a proximate result of the false arrest and unlawful detention inflicted by of Defendant Wedel, Purdy, Evangelista, Elizondo, Theoharis and Hochhauser, Plaintiff Antonio Miranda suffered injuries and losses, including emotional distress and psychological pain and suffering.

WHEREFORE, Plaintiff ANTONIO MIRANDA, respectfully prays that this Court enter judgment against of Defendants Wedel, Purdy, Evangelista, Elizondo, Theoharis and Hochhauser, awarding compensatory damages, attorney's fees and costs, punitive damages, and any other relief that this Court deems just.

Plaintiff demands trial by jury.

### COUNT V – 42 U.S.C. § 1983 – Failure to Intervene relative to Antonio Miranda
**(Wedel, Purdy, Evangelista, Elizondo, Theoharis and Hochhauser)**

1-38. Plaintiff adopts and re-alleges paragraphs 1 through 37, and the allegations of Count IV above, as paragraphs 1 through 38 of Count V, as if fully set forth herein.

39. In the manner described above, during the constitutional violations described in Count IV above, Defendants Wedel, Purdy, Evangelista, Elizondo, Theoharis and Hochhauser stood by without intervening to prevent the misconduct, and instead participated in it.

40. As a proximate result of the failure of Defendants to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff Antonio Miranda suffered pain and injury, emotional distress, when he was falsely arrested and detained.

41. These Defendants had a reasonable opportunity to prevent the violation of Plaintiff's constitutional rights but failed to do so.

42. The misconduct described in this Count was objectively unreasonable and was undertaken with malice and willful indifference to Plaintiff's constitutional rights.

WHEREFORE, Plaintiff ANTONIO MIRANDA, respectfully prays that this Court enter judgment against Defendants Wedel, Purdy, Evangelista, Elizondo, Theoharis and Hochhauser, awarding compensatory damages, attorney's fees and costs, punitive damages, and any other relief that this Court deems just.

Plaintiff demands trial by jury.

### COUNT VI: 42 U.S.C. § 1983 – Conspiracy
**(All Defendants)**

1-38. Plaintiff incorporates all allegations set forth above by reference, as paragraph 1-38 of Count VI, as if fully set forth herein.

39.     Defendants, Roman, Wedel, Purdy, Evangelista, Elizondo, Theoharis and Hochhauser conspired with each other by agreeing to violate Plaintiff's constitutional rights, and to illegally and/or tortiously detain, harass, assault and batter Jacqueline Miranda, detain Antonio Miranda and to omit details of Roman's assault and battery of Jacqueline Miranda and the assault and illegal detention of Antonio Miranda in their formal reports as alleged above.

40.     As alleged in detail above, Defendants committed acts in furtherance of this conspiracy, including, but not limited to, illegally detaining Jaqueline Miranda, illegally trying to search Jacqueline Miranda's car, questioning Jaqueline Miranda about a crime for which they had no reasonable suspicion or probable cause, illegally detaining and restraining Antonio Miranda without probable cause or reasonable suspicion, placing Antonio Miranda in handcuffs, writing a false police report which did not include details about the assault and battery of Jacqueline Miranda at the hands of Alexander Roman or the illegal detention of Antonio Miranda and was otherwise not an accurate reflection of the events that occurred on May 10, 2019.

41.     Defendants conspired to conceal the wrongful false arrests, and Defendant Roman's battery. Defendants Wedel, Purdy, Evangelista, Elizondo, Theoharis and Hochhauser threatened the Plaintiff with arrest unless she agreed to not press charges against Roman for battery, and then produced a false police report which falsely stated that Jacqueline Miranda was "not cooperative" and "refused to give information" though they did note, falsely, that the Plaintiff "refused medical attention." Roman was aware at all times of this conspiracy and was its beneficiary.

42. As a proximate result of Defendants' civil conspiracy, Plaintiff Jacqueline Miranda and Antonio Miranda were detained in violation of their constitutional rights, harassed, battered and assaulted, and suffered personal injury and severe emotional distress.

WHEREFORE, Plaintiffs, ANTONIO MIRANDA and JACQUELINE MIRANDA, respectfully prays that this Court enter judgment against Defendants Roman, Wedel, Purdy, Evangelista, Elizondo, Theoharis and Hochhauser awarding compensatory damages and also prays for an award of attorney's fees and costs. Plaintiff further requests any other relief that this Court deems just.

Plaintiffs demand trial by jury.

### COUNT VII – 745 ILCS 10/9-102 – Indemnity

1-38. Plaintiff adopts and re-alleges paragraphs 1 through 37, above, as paragraphs 1 through 38 of Count VII, as if fully set forth herein.

39. As a local public entity that employed the Defendants Roman, Wedel, Purdy, Evangelista, Elizondo, Theoharis and Hochhauser, the City of Chicago is required, pursuant to 745 ILCS 10/9-102, to pay any tort judgment or settlement for compensatory damages against Defendants Roman, Wedel, Purdy, Evangelista, Elizondo, Theoharis and Hochhauser for conduct committed within the scope of their employment activities, and pay associated attorney's fees and costs.

40. This action is covered by 745 ILCS 10/9-102 to the extent of compensatory damages and attorney's fees and costs.

41. As a proximate result of Defendants Roman, Wedel, Purdy, Evangelista, Elizondo, Theoharis and Hochhauser's conduct in the course of their employment with the City of Chicago, Plaintiffs sustained injuries, including physical and psychological pain and suffering.

WHEREFORE, Plaintiffs ANTONIO MIRANDA and JACQUELINE MIRANDA, respectfully prays that if a judgment is entered against Defendants Roman, Wedel, Purdy, Evangelista, Elizondo, Theoharis and Hochhauser, that this Court find the City of Chicago liable for any compensatory damages awarded to Plaintiff, and also prays for an award of attorney's fees and costs. Plaintiff further requests any other relief that this Court deems just.

                        MOOR LAW OFFICE, P.C.

                        /s/     Edward R. Moor

Moor Law Office, P.C.
53 W. Jackson Blvd., Suite 1527
Chicago, Illinois 60604
312-726-6207
erm@moorlaw.net